ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARY K. EDELMANN,<br>Petitioner, | §<br>§<br>§ | |
| VS. | §<br>§ | Civil Action No. 4:10-CV-561-Y |
| JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br>Respondent. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. §

2241.

### B. PARTIES

Petitioner Mary K. Edelmann, Reg. No. 10316-064, is a federal prisoner incarcerated in

FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

### C. PROCEDURAL HISTORY

In 2004 petitioner was indicted on one count of wire fraud (Count I), in violation of 18

U.S.C. § 1343, and one count of committing an offense while on release (Count II), in violation of

18 U.S.C. § 3147F, in the Eastern District of Arkansas, Case No. 4:04-CR-228-01-BRW-1. On

November 9, 2004, pursuant to a plea agreement, petitioner pleaded guilty to Count I, and the district

court sentenced her to a term of 37 months. (Resp't App. at 4-5) Petitioner appealed her conviction

and sought postconviction relief via 28 U.S.C. §2255, to no avail. (Pet.) *See United States v.*

*Edelmann*, PACER, U.S. Party/Case Index, Criminal Docket for Case No. 4:04-CR-228-BRW-1.

Petitioner filed this federal petition wherein she challenges her conviction under § 2241 in this

division, where she is currently serving her 37-month sentence.

Count I of the indictment in her underlying criminal case alleged:

**SCHEME TO DEFRAUD**

1. In or about October, 2003, MARY K. EDELMANN obtained the personal identifiers of an individual who resides in Sausalito, California.

2. On or about October 16, 2003, MARY K. EDELMANN used the personal identifiers of this individual to open credit card account number 74984823283110 at MBNA America via the Internet.

3. On or about October 22, 2003, a direct deposit balance transfer in the amount of $25,000 was made from MBNA account number 74984823283110 to Bank of the Ozarks account number 2042001145 held in the name of CHRIS and MARY EDELMANN.

4. On or about October 23, 2003, Bank of the Ozarks received the $25,000 MBNA wire transfer. On or about October 24, 2003, Bank of the Ozarks returned the funds to MBNA because they had come from an MBNA account in a name other than CHRIS or MARY EDELMANN.

5. On or about October 27, 2003, MARY K. EDELMANN added her name as an authorized signatory on the MBNA account number 74984823283110.

6. On or about October 29, 2003, a direct deposit balance transfer in the amount of $25,000 was made on MBNA account number 74984823283110 and such funds were received and accepted by Bank of the Ozarks and credited to Bank of the Ozarks' account number 2042001145 which belongs to CHRIS or MARY K. EDELMANN.

7. On or about October 29, 2003, in furtherance of the scheme to defraud, and to execute the scheme and artifice, the defendant,

MARY K. EDELMANN,

caused to be transmitted in interstate commerce by means of a wire communication, that is, a direct deposit balance transfer of $25,000.00 from the MBNA America credit card account number 74984823283110 to account number 2041001145 at Bank of the Ozarks in the Eastern District of Arkansas.

(Resp't App. at 1-2)

## D. DISCUSSION

Petitioner claims the Supreme Court decisions in *Skilling v. United States*, 130 S. Ct. 2896 (2010), *Black v. United States*, 130 S. Ct. 2963 (2010), and *Weyhrauch v. United States,* 130 S. Ct. 2971 (2010), all of which involved the "honest services" fraud statute in 18 U.S.C. § 1346,[1] has rendered the conduct for which she stands incarcerated a non-existent offense. Thus, she asserts she is actually innocent of the offense and allowing her conviction to stand would result in a "complete miscarriage of justice." (Pet'r Mem. at 2-10) Because petitioner cannot meet the requirements of the savings clause under 28 U.S.C. § 2255(e), the petition should be dismissed for lack of jurisdiction.

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence only if she can

---

[1]In the three cases cited by petitioner, the Supreme Court contemporaneously considered the issue of the constitutionality of the honest services fraud statute, with *Skilling* resulting in the Court's lead opinion.

3

satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision which establishes that she may have been convicted of a nonexistent offense, and (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective. She cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack*, 218 F.3d at 453 (citing *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).

Furthermore, in *Skilling*, the Supreme Court held that 18 U.S.C. § 1346 criminalizes only bribery and kickback schemes, *i.e.,* fraudulently depriving another of one's honest services by accepting bribes or kickbacks. *Skilling,* 130 S. Ct. at 2933. Petitioner asserts she pleaded guilty to the wire fraud offense based on an honest services theory, however there were no allegations of

honest services fraud in the indictment and she was not charged with, or plead guilty to, any kind of honest-services theory under 18 U.S.C. § 1346. (Resp't App. at 1-3; Pet'r Reply at 5-6) *See Edelmann v. Keffer*, No. 4:10-CV-531-Y, slip copy, 2011 WL 2517273, at *1-3 (N.D.Tex. June 24, 2011); *United States v. Hoeffner*, 626 F.3d 857, 865-66 (5th Cir. 2010); *United States v. Anderson,* No. 3:10-CV-1550-B, at *1-2 (N.D.Tex. Oct. 20, 2010). Thus, the Supreme Court's holding in *Skilling* is neither relevant nor applicable to her conviction.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction. Any motions not previously ruled upon are denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 7, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that

are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 7, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August ___ *17* ___, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE